# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANFORD DAVIS, | : | Civil No. 3:12-CV-2161 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS, SCI CAMP HILL, | : | |
| and CORIZON MEDICAL, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

**I.  Statement of Facts and of the Case**

The plaintiff, Sanford Davis, is a state inmate, who initially filed a complaint on October 31, 2012, (Doc.1), which he amended on November 7, 2012, (Doc. 7), and February 26, 2013.  (Doc. 27)  In these complaints, Davis alleged that various defendants failed to properly care for, or treat, Davis' leukemia.  (Id.)  This case now comes before the Court for consideration of a motion for summary judgment filed by Davis.  (Doc. 50)  In this motion Davis argues that he is entitled to judgment as a matter of law on his fact-specific medical mistreatment claims against these prison care-givers.  (Id.)

1

The defendants have responded to this motion, citing a host of disputed factual issues which in their view make summary judgment in favor of the plaintiff inappropriate. (Docs. 51 and 52) For the reasons set forth below, we agree and recommend that this motion for summary judgment be denied.

## II. Discussion

### A. Rule 56–The Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is

a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In making this determination, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment," Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995), and "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985) However, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007). Therefore, in a case where the parties' pleadings reveal disputes regarding the admissibility of specific evidence, the principles governing consideration of summary judgment motions –which enjoin us to examine the evidence in a light most favorable to the party opposing the motion–also call upon us to resolve all genuine disputes concerning the admissibility of specific items of evidence in favor of the party opposing the motion. This principle applies with particular force to factual disputes which relate to matters of motive or intent since it is well-settled that: "The motive or absence of motive of a party to engage in conduct alleged by another party is relevant to determining whether a genuine issue of fact exists. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 596 (1986)." Berda v. CBS Inc., 800 F.Supp. 1272, 1276 (W.D.Pa), aff'd., 975 F.2d 1548 (3d Cir. 1992).

## B. Eighth Amendment Deliberate Indifference Claims in a Prison Medical Context

In his complaints, Davis brings Eighth Amendment medical mistreatment claims against the defendants. The legal standards governing such claims call upon us to engage in a fact-specific inquiry. Prison officials may violate an inmate's rights under the Eighth Amendment to the United States Constitution by displaying "deliberate indifference" to this inmate's medical needs. To sustain such a claim, an inmate must plead facts which:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard under Farmer-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care. In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, an inmate is required to point to

evidence that demonstrates (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. Clark v. Doe, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims

where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. See e.g. Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997). Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; see, e.g., Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008); James v. Dep't of Corrections, 230 F. App'x 195 (3d. Cir. 2007); Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006); Bronson v. White, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); Gindraw v. Dendler, 967 F.Supp. 833 (E.D. Pa. 1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services. Instead, courts have defined the precise burden which an inmate must sustain in order to advance an Eighth Amendment claim against a healthcare professional premised on allegedly inadequate care, stating that:

> The district court [may] properly dis[miss an] Eighth Amendment claim, as it concerned [a care giver], because [the] allegations merely amounted to a disagreement over the proper course of his treatment and thus failed to allege a reckless disregard with respect to his . . . care. The standard for cruel and unusual punishment under the Eighth Amendment, established by the Supreme Court in Estelle v. Gamble, 429 U.S. 97, 104

7

(1976), and its progeny, has two prongs: 1) deliberate indifference by prison officials and 2) serious medical needs. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" "Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation." . . . . [The inmate] alleged no undue delay in receiving treatment and, as the district court noted, the evidence he presented established that he received timely care . . . . Although [an inmate plaintiff] may have preferred a different course of treatment, [t]his preference alone cannot establish deliberate indifference as such second-guessing is not the province of the courts.

James, 230 F.App'x. at 197-198.(citations omitted).

In short, in the context of the Eighth Amendment, any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

### C. Davis is Not Entitled to Summary Judgment on These Prison Health Care Claims

Judged against these benchmarks, Davis is not entitled to summary judgment on these prison medical claims at this time since the positions of the parties illustrate sharply drawn factual disputes regarding the motivation of the defendants, the gravity of Davis' medical condition, the nature and scope of the care provided to Davis, and the degree to which that treatment can be characterized as either negligent or deliberately indifferent to Davis' serious medical needs. As to each of these questions, the facts are in dispute and discovery has not yet been undertaken or

completed. These genuine disputes regarding a host of material facts mean that Davis is not entitled to summary judgment and his motion for summary view, therefore, should be denied.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's Motion for Summary Judgment (Doc. 50), be DENIED.[1]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of September 2013.

---

[1] We will, by separate Report and Recommendation, address the pending motion to dismiss filed by the defendants. (Doc. 42)

9

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge